## BURKHARDT v. UNITED STATES.*

(Circuit Court of Appeals, Sixth Circuit. June 10, 1926.)

### No. 4540.

**1. Conspiracy ⟺47—Conspiracy may be shown indirectly by proof of circumstances from which common design is logical inference.**

A conspiracy need not be established by direct evidence of an unlawful agreement, but its existence may be shown by proof of facts from which the logical inference is that the unlawful overt acts were committed in furtherance of a common design of the alleged conspirators.

**2. Conspiracy ⟺43(12)—Unnecessary to prove more than one of the overt acts alleged, or that more than one conspirator took part in it.**

In a prosecution for conspiracy, it is not necessary to prove more than one of the overt acts alleged, nor that more than one of the alleged conspirators took part in that act, if it be shown that it was done in furtherance of the common purpose of the then members of the conspiracy.

**3. Conspiracy ⟺40.**

One who aids or abets a conspiracy after its formation, with understanding of its purpose, becomes a party to it.

**4. Conspiracy ⟺40—Failure of officer to prevent carrying out of a conspiracy may make him a party to it.**

The rule that acquiescence in or failure to prevent carrying out of a conspiracy is not sufficient to render one liable as a conspirator does not apply in all circumstances, as in case of a public officer, whose duty it is to prevent accomplishment of the purpose of the conspiracy.

**5. Conspiracy ⟺40—Failure of sheriff to enforce state law does not make him party to conspiracy to violate federal law, unless inaction is with view to aiding conspiracy (National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).**

A sheriff, charged with no duty to enforce the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), does not become party to a conspiracy to violate that act because he failed to perform a duty under the state law which would have interfered with the operations of the conspirators, unless he had knowledge of the conspiracy and purposely refrained from performing his duty with a view of protecting and aiding it.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Criminal prosecution by the United States against Paul W. Burkhardt. Judgment of conviction, and defendant brings error. Reversed.

*Rehearing denied October 7, 1926.

Augustus L. Gebhard and Charles Edwin Scott, both of Bryan, Ohio (Fraser, Hiett & Wall, of Toledo, Ohio, on the brief), for plaintiff in error.

D. L. Sears, Asst. U. S. Atty., of Toledo, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, and Eugene T. Lippincott, of Lima, Ohio, on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. Burkhardt, with others, was indicted, charged with entering into a conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Thirty-three overt acts were alleged in the indictment. Before trial nine of the defendants pleaded guilty and two were dismissed. During the trial four more pleaded guilty and two were discharged. Burkhardt was convicted, fined $1,000, and sentenced to confinement in the penitentiary for two years. .

The facts upon which the government relied are found in the evidence of Ray Worden and Mary Moss, who were the chief conspirators and were extensively engaged from April, 1924, to the latter part of January, 1925, in transporting liquor by automobile from Monroe and other points in Michigan, through Williams county, Ohio, to Ft. Wayne, Ind., where it was sold to roadhouses and clubs. Bryan was the county seat of Williams county. Burkhardt was the sheriff of the county, having a deputy, Rollins, who protected Worden in transporting the liquor. Worden made two or three round trips through the county every week from April until January. He frequently gave to Rollins a case of beer or bottle of whisky. Another deputy sheriff, Calvin, purchased beer or whisky from him on several occasions. He also made deliveries in large quantities to another customer in Bryan. Rollins was arrested in November for violating the prohibition law. Burkhardt heard of it, but it does not appear that he knew or was informed that Worden was connected with it. There were several transporters of liquor operating through the county. Some of them were apprehended. Worden, the largest and most frequent offender, was never arrested.

It was Burkhardt's duty under the state law to prevent the unlawful transportation of liquor into and through the county. This he failed to do so far as Worden was concerned. The government contends that the circumstances of his inaction evince participation

in the conspiracy with full knowledge of its objects. The points in the evidence relied on to support this view are: Failure to arrest Worden at a gasoline station on one occasion, when he had liquor in his automobile, though it was not shown that Burkhardt knew that he had the liquor, or then knew Worden; the taking of Worden to the county jail at a later time, after being introduced to him, and giving him some Michigan license plates; advising a friend, William Ward, who was charged with violating the prohibition law, that if he (Ward) had to go to court not to talk, or to say " 'No' to all questions," and employ a lawyer; and the retention of Rollins as a deputy after learning that he had been charged with violating the liquor laws.

[1, 2] It is fundamental that a conspiracy need not be established by direct evidence of an unlawful agreement. Its existence may be shown by proof of facts from which the logical inference is that the unlawful overt acts were committed in furtherance of a common design of the alleged conspirators. Stafford v. United States (6 C. C. A.) 300 F. 537. To bring it within the inhibition of the statute, it is not necessary that the government prove the commission of more than one of the overt acts charged. Nor must it prove that more than one of the alleged conspirators took part in that act, if it be shown that it was done pursuant to or in furtherance of the common purpose of the then members of the conspiracy. Williams, etc., v. United States (6 C. C. A.) 3 F.(2d) 933.

[3-5] Participation in the formation of the conspiracy was not essential to Burkhardt's culpability. If, after it was formed, he aided or abetted it with an understanding of its purpose, he became a party to it. The rule that acquiescence in or failure to prevent a conspiratory or criminal act is not sufficient to render one liable, as announced in United States v. Newton (D. C.) 52 F. 275, and United States v. McClarty (D. C.) 191 F. 519, does not apply in every circumstance to one whose duty it is under the law to prevent the act. His acquiescence may amount to purposeful furtherance; it may be the deliberate removal of an otherwise troublesome obstacle from the path of the law violator and thus become affirmative co-operation. Burkhardt was not charged with the duty of enforcing the laws of the federal government, but it was his duty as a county officer to prevent the unlawful transportation of liquor through Williams county. Mere failure to perform that duty did not, however, make of him a participant in a conspiracy to violate the National Prohibition Act, unless he purposely refrained from performing it, will full knowledge of Worden's business, and with the view of protecting and aiding it, in which event his inaction would warrant the inference of participation therein in accordance with a common understanding.

It may be conceded that, if Burkhardt had been vigilant, he could have intercepted Worden on one of his numerous trips and stopped the traffic. But lack of vigilance, as we have seen, is not enough; there must also be proof of knowledge of the facts, coupled with an intention to aid in the unlawful act by refraining from doing that which he was in duty bound to do. These essential elements cannot be inferred from inaction alone. Nor are they to be drawn from the occurrences especially relied on by the government. We need not discuss those occurrences in detail or indicate supportable deductions. It is sufficient to say that the argument as to all of them assumes that Burkhardt knew Worden's business—an unjustifiable conclusion, unless reflected in the acts themselves. Other facts oppose the implication. Burkhardt met Worden for the first time the day the license plates were given him, did not see him again, and was neither promised nor given any reward for suffering the illicit traffic. The government's evidence creates at most a suspicion against Burkhardt. In that view of its effect, the court should have directed a verdict of not guilty as to him; and in thus stating its maximum effect, we are not depending upon our own inferences and conclusions, but upon that view which we think it was the legal duty of the jury to take.

Reversed.