## COSTAL et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.
June 10, 1926.)

No. 4549.

1. **Criminal law ⬡113—Overt act committed in district gives court jurisdiction of prosecution.**

It is not necessary to jurisdiction of a court that a conspiracy be formed within the district, if an overt act in furtherance of it was committed therein.

2. **Conspiracy ⬡47—Evidence held to warrant finding that liquor sold by alleged conspirator was transported into and through district (National Prohibition Act, tit. 2 [Comp. St. Ann. Supp. 1923, § 10138½ et seq.]).**

On trial for conspiracy to violate National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), evidence *held* to warrant finding that liquor sold by one alleged conspirator was transported into and through district in which indictment was found.

3. **Conspiracy ⬡24—Sellers of liquor with knowledge that the purchasers intended to illegally transport and sell the same are chargeable with conspiracy, though after the sale they had no interest in it.**

Defendants, who sold liquor at different times to the same persons, with knowledge that it was the purpose of the purchasers to illegally transport and sell the same, are not relieved from liability as conspirators because, after their sale of the liquor, they had no interest in it.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Criminal prosecution by the United States against John Costal, John Peterson, and another. Judgment of conviction of named defendants, and they bring error. Affirmed.

Frank J. Szumigala, of Toledo, Ohio (Frank A. Carabin, of Toledo, Ohio, on the brief), for plaintiffs in error.

D. L. Sears, Asst. U. S. Atty., of Toledo, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, and Eugene T. Lippincott, Asst. U. S. Atty., of Lima, Ohio, on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. John Costal and John Peterson were convicted of conspiracy to violate title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½ et seq.). Among the conspirators were Ray Worden and Mary Moss, whose activities are set forth in Burkhardt v. United States (C. C. A.) 13 F.(2d) 841, this day decided. Cos-

tal and Peterson sold intoxicating liquors to Worden, which were transported to Ft. Wayne, Ind. Notwithstanding these sales, they contend that the court erred in refusing to direct a verdict of not guilty as to them at the conclusion of the government's evidence. [1] The contention is based on two grounds, the first of which is that the venue of the action was improperly laid in the Western division of the Northern district of Ohio because the conspiracy was not formed in that district, but, if so, the selling of the liquor did not of itself make them conspirators; the second, applicable only to Peterson, is that none of the liquor that he sold was transported into or through the territorial jurisdiction of the court, nor any other overt act committed within the district, during the period of his association with the conspiracy.

The evidence respecting the first ground shows that both defendants sold liquor outright to Worden, who paid for it, thereupon becoming the owner and assuming exclusive control of it; it further shows that they knew his purpose in purchasing it and what he contemplated doing with it. Costal discussed with him the different routes to Ft. Wayne, and suggested the one through the Northern district of Ohio. It was not necessary to the jurisdiction of the court that the conspiracy be formed within the district, if an overt act in furtherance of it was committed therein. Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Grayson v. United States (6 C. C. A.) 272 F. 553. Many of such acts were so committed beyond doubt, and it is clear that they were done in effecting the objects of the conspiracy, with which Costal and Peterson were familiar, and to which they contributed by selling the liquor.

[2] The case against Peterson, on the second ground of the motion, is also sustained by the evidence. Only three purchases were made of him, none after May 8th. Worden, in speaking of the number of loads taken through Bryan, Williams county, of the Northern district, said "most all the loads went through Bryan * * * from April to November, inclusive"; that he made "around three trips a week." This evidence, with other statements in the record, clearly indicates and certainly warranted the finding that the Peterson liquor was transported into and through the Northern district of Ohio.

[3] We find no justification for the criticism that the charge failed to require a finding, as a condition precedent to a conviction, that Costal and Peterson knew that the liquor was

to be transported through northern Ohio. That question was fully covered by the court's instructions. Nor would it have been proper to give the offered charge that if, after the sale of the beer and whisky by Costal and Peterson, they no longer had any interest in it or in its transportation, the jury should acquit them. The completion of the sales did not terminate their association with the conspiracy, or relieve them of responsibility as participants therein, if when making them they knew of the purpose of Worden to transport the liquor to Ft. Wayne, and by their co-operation in his continued trips came properly to be regarded as his associates. The court only exercised its discretion in refusing to exclude the witnesses from the court room during the progress of the trial. The contention that the evidence was not sufficient to warrant a conviction cannot be considered, as its weight was for the jury.

Judgments affirmed.