## COATES v. UNITED STATES. *
### No. 6792.

Circuit Court of Appeals, Ninth Circuit.
May 31, 1932.

Edwin V. McKenzie, Harry Gottesfelt, George C. Carmody, and Maxwell McNutt, all of San Francisco, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and P. V. Davis, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

This appeal is from a judgment of conviction on two counts of an indictment charging, in count 1, a conspiracy to commit an offense against the laws of the United States, to violate title 2, §§ 3 and 25, of the National Prohibition Act (27 USCA §§ 12, 39), and, in violation of said act, the manufacture and possession of apparatus designed for the manufacture of intoxicating liquors fit for beverage purposes, and, in count 4, the pos-

*Rehearing denied August 1, 1932.

session of property and apparatus designed and intended for the manufacture of intoxicating liquors, giving a list of the articles composing the apparatus and "twenty-five gallons of mash," etc., all contrary to and in violation of the laws of the United States.

 The sufficiency of the indictment is challenged for the first time in this court. After verdict, every intendment must be indulged in support of the indictment. No objection can avail, no prejudice appearing. Dealy v. United States, 152 U. S. 539, 14 S. Ct. 680, 38 L. Ed. 545; Lew Moy v. United States (C. C. A.) 237 F. 50.

"No indictment * * * shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." Title 18, § 556, USCA.

See, also, Cochran and Sayre v. United States, 157 U. S. 286, 15 S. Ct. 628, 39 L. Ed. 704; Dunbar v. United States, 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390; Hagner v. United States, 284 U. S. ——, 52 S. Ct. 417, 420, 76 L. Ed. ——, decided by the Supreme Court April 11, 1932, and cases there cited. In the Hagner Case it is stated: "Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment."

Every ingredient and element of the conspiracy is clearly set out and "sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Cochran and Sayre v. United States, supra, 157 U. S. 286, 290, 15 S. Ct. 628, 630, 39 L. Ed. 704. See, also, Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606; Ford v. United States, 273 U. S. 593, 47 S. Ct. 531, 71 L. Ed. 793.

██ The conspiracy need not be charged with the same particularity as substantive offenses.

██ That a conspiracy existed to which appellant was a party is admitted; but he contends that there were two conspiracies, the Coates-Malter-Stumpf conspiracy and the Malter-Brix-Stumpf conspiracy. That Coates, Malter and Stumpf were engaged at the same time in co-operative activity to violate the law is beyond dispute, and Brix as well; but Coates may not have known of Brix' activity. Coates, Malter, and Stumpf no doubt had polluted by the conspiracy the stream of current of the law. It is immaterial when any of the parties entered the polluted stream. From the moment he entered he is as much contaminated and held as though an original conspirator. Johnson v. United States (C. C. A.) 5 F.(2d) 471, 475, c. d. 268 U. S. 689, 45 S. Ct. 509, 69 L. Ed. 1158. A conspiracy may be shown by circumstantial evidence, from which common design is the logical inference. Burkhardt v. United States (C. C. A.) 13 F.(2d) 841. The knowledge of some of the conspirators as to the scope thereof may be limited. Knowledge of membership or division of spoils is immaterial. Nor need overt acts be in themselves substantive offenses. A person knowing of a conspiracy to violate the law, and knowingly assisting in any way in furthering such unlawful enterprise, is guilty. The conspirators were partners in crime, and each was the agent of the other, and each was bound by the act of the other in furthering the unlawful enterprise. Coates paid money to Stumpf to forward the unlawful purpose on one ranch. Stumpf and Malter took some of the money for a still on another farm. The fact that Stumpf and Malter may have confederated to cheat Coates out of spoils on one still does not excuse Coates. He was engaged with them in the partnership of crime, and they were acting for him in carrying forward the unlawful scheme. The evidence of the several and distinct transactions went in without objection; and there is nothing in the case that inspires thought of Lamento v. United States (C. C. A.) 4 F.(2d) 901, or Terry v. United States (C. C. A.) 7 F.(2d) 28, as contended by appellant.

 The fact that Coates, as one of the financial backers of the combine, was not advised of the detail of the investment of the funds in two instead of one still, or of Brix' connection, does not create a distinct conspiracy and exonerate him of culpability therein. Jezewski v. United States (C. C. A.) 13 F.(2d) 599. To sever a partnership in crime requires some affirmative act. A conspiracy once established is presumed to continue until the contrary is established. Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Miller v. United States (C. C. A.) 277 F. 721. The entering after formation of any of the conspirators did not change the status

of the other conspirators. Hagen v. United States (C. C. A.) 268 F. 344. There was ample evidence to submit to the jury as to whether there was one or two conspiracies. The intimacies of the parties, the relation sustained, the co-operative acts and dealings between Malter and Stumpf with Brix, Coates, and Arkalian, the presence of Coates at several places with the others at different times, and his contribution of funds, were all matters for the jurors' consideration. That this issue was fully and fairly submitted by the court is shown by lack of exception to the charge. The jury found against appellant on the facts, by which the court is bound.

Count 4 sets out the "property and apparatus." Section 25, title 2 of the National Prohibition Act condemns the possession of intoxicating liquor, or property designed for the manufacture of intoxicating liquor, or intended to be or which has been so used. Count 4, except for "25 gallons of mash," would no doubt be a restatement of count 1, by itemizing the items, or some of them, constituting a "still and distilling apparatus." The mash alone brings the charge under the condemnation of section 25, title 2, of the National Prohibition Act (27 USCA § 39) and the items of apparatus are considered surplusage. The trial court heard all the evidence, submitted the issue to the jury, and it convicted the appellant. This point was not raised before verdict. There was no prejudice to appellant, and therefore no reversible error.

Nor was it error to admit in evidence the liquid taken from the tank on the Foss ranch, or, if error, it was not prejudicial. The statement of Olson was admitted only as against him, under special instruction to the jury. The memorandum on a yellow card was properly admitted. The items were written by appellant and noted costs of items of material purchased for the enterprise. The card was left on a table at Malter's house, and he picked it up some time later. He saw the entries made.

At bar errors were urged as to admission of evidence, but they are not specified in the brief. Where errors are not set out separately in the specification of errors in the brief, as required by rule 24 of this court, and it is not apparent that there is plain error within rule 11, they will not be considered.

No error was committed by the court in permitting Malter, a witness for the prosecution, to testify after he had been by rule of court excluded from the trial, except when testifying, and in violation of the rule read a portion of the evidence from a transcript furnished to him. In Holder v. United States, 150 U. S. 91, 92, 14 S. Ct. 10, 37 L. Ed. 1010, the Supreme Court said: "If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground, merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court. * * * Clearly, the action of the court in admitting the testimony will not, ordinarily, be open to revision. Tested by these principles, the exception under consideration cannot be sustained."

There is no reversible error.

Affirmed.