## KERN v. UNITED STATES.
### No. 1099.

Circuit Court of Appeals, Tenth Circuit.

Dec. 3, 1934.

J. S. Vaught, of Albuquerque, N. Mex., for appellant.

Young M. Smith, Atty., Department of Justice, of Washington, D. C. (Wm. J. Barker, U. S. Atty., of Santa Fe, N. Mex., Gilberto Espinosa, Asst. U. S. Atty., of Albuquerque, N. Mex., and Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., on the brief), for the United States.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

LEWIS, Circuit Judge.

Kern brought this suit to recover benefits under what is called the Automatic Insurance provision of the War Risk Insurance Act. Section 401, Act October 6, 1917 (40 Stat. 409), provides in part:

" * * * Any person in the active service on or after the sixth day of April, nineteen hundred and seventeen, who, while in such service and before the expiration of one hundred and twenty days from and after such publication, becomes or has become totally and permanently disabled or dies, or has died, without having applied for insurance, shall be deemed to have applied for and to have been granted insurance, payable to such person during his life in monthly installments of $25 each. * * * "

Kern alleged in his complaint filed February 25, 1933, that he enlisted in the United States Military Service May 26, 1917, and was honorably discharged April 15, 1918; that he became permanently and totally disabled on or about December 15, 1917, without having made written application for war risk insurance, and by reason thereof was entitled to $25 per month from that date.

At the close of plaintiff's evidence the court directed a verdict for the defendant. Plaintiff assigns that ruling as error. The bill of exceptions does not contain a motion for directed verdict by either plaintiff or defendant, does not contain the court's ruling on any such motion, nor does it contain an exception of any kind by plaintiff to any ruling by the court.

This court cannot review a ruling granting a directed verdict where the bill of exceptions does not include the motion for directed verdict, the court's ruling thereon, and an exception thereto saved at the trial. Addis v. United States (C. C. A. 10) 62 F.(2d) 329; McCuing v. Bovay (C. C. A. 8) 60 F.(2d) 375; Murray Hospital v. Rasmussen (C. C. A. 9) 35 F.(2d) 864; Vance v. Chapman (C. C. A. 8) 23 F.(2d) 914; Landsberg v. San Francisco & P. S. S. Co. (C. C. A. 9) 288 F. 560; Maxwell v. Abrast Realty Co. (C. C. A. 2) 218 F. 457; Bidwell v. George B. Douglas Trading Co. (C. C. A. 2) 183 F. 93; Smith v. Hopkins (C. C. A. 7) 120 F. 921.

Although we are precluded from passing upon the question raised by plaintiff's assignments of error for the reasons stated, we are of opinion that the lower court was entirely right in directing a verdict for defendant. According to plaintiff's own testimony,

his work record was such as to conclusively negative his claim of total permanent disability. Also, plaintiff's long delay in bringing this suit is unexplained. Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492.

Affirmed.