## GRIPTON v. RICHARDSON.

### No. 7801.

Circuit Court of Appeals, Ninth Circuit.

Feb. 26, 1936.

Campbell & Campbell, E. Weaver Campbell, William D. Campbell, and C. Arden Gingery, all of Los Angeles, Cal., for appellant.

Mitchell, Silberberg & Knupp and Guy Knupp, all of Los Angeles, Cal., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Upon a bill of complaint filed by a creditor, the District Court, sitting in equity, appointed appellee as receiver for Western Blind & Screen Company, a California corporation. Appellant filed with the receiver her claim against the corporation in the sum of $32,997.56, and asserted that payment thereof was secured by an assignment of certain corporate assets in the hands of the receiver, from the proceeds of which she demanded payment in pref-

erence to the other creditors. The District Court appointed a special master to hear and report upon all matters relating to appellant's claim. Having heard these matters, the special master reported his findings, conclusions, and recommendations, and appellant filed exceptions thereto. The District Court overruled appellant's exceptions and entered a decree which confirmed the special master's report, allowed appellant's claim in the sum of $14,392.42 and rejected her demand for preferential payment. This appeal is from that decree.

Although it did not terminate the receivership proceeding, the decree determined appellant's rights by allowing her claim in part only and refusing to treat it as a secured or preferred claim. Such a decree is "final," within the meaning of section 128 of the Judicial Code, as amended, 28 U.S.C.A. § 225, and is, therefore, appealable. Yorkshire Investment & American Mortgage Co. v. Fowler (C.C.A.2) 78 F. 56, 58. See, also, Dexter Horton National Bank v. Hawkins (C.C.A.9) 190 F. 924, 926; American Brake Shoe & Foundry Co. v. New York Rys. Co. (C.C.A.2) 282 F. 523, 527; City and County of Denver v. Stenger (C.C.A.8) 295 F. 809, 813; United States v. Guaranty Trust Co. (C.C.A.8) 33 F.(2d) 533, 534.

Creditors of the corporation, other than appellant, have not been made parties to this appeal. Their presence is unnecessary. They are sufficiently represented by the receiver. Koppel Industrial Car & Equipment Co. v. Lee (C.C.A.1) 3 F.(2d) 886, 887.

Appellant filed in the District Court an assignment of errors, but her brief filed in this court contains no specification of errors. Our rule 24 provides that every appellant's brief shall contain a specification of the errors relied upon; that in equity cases the specification shall state, as particularly as may be, in what the decree is alleged to be erroneous; that when the error alleged is to a ruling upon the report of a master, the specification shall state the exception to the report and the action of the court upon it; and that errors not specified according to this rule will be disregarded. Appellant has not complied with this rule. Not having been specified in her brief, the alleged errors assigned by appellant might and perhaps should be deemed to have been waived, and, for that reason, might well be disregarded. However, we have not disregarded them, but have considered them all, and find no reversible error.

Decree affirmed.