## GELBERG v. RICHARDSON.
### No. 7966.

Circuit Court of Appeals, Ninth Circuit.

Feb. 26, 1936.

Samuel S. Gelberg, of Los Angeles, Cal., for appellant.

Mitchell, Silberberg & Knupp, Guy Knupp, and Norman R. Tyre, all of Los Angeles, Cal., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, as attorney for a creditor's committee, petitioned the District Court for an order directing appellee, as receiver for Western Blind & Screen Company, to pay appellant a fee of $1,250 for services alleged to have been rendered in the receivership proceeding described in Gripton v. Richardson (C.C.A.9) 82 F.(2d) 313, decided this day. From a decree denying appellant's petition, he prosecutes this appeal.

Although it did not terminate the receivership proceeding, the decree determined appellant's rights by rejecting his claim. Such a decree is "final," within the meaning of section 128 of the Judicial Code, as amended, 28 U.S.C.A. § 225, and is, therefore, appealable. Dexter Horton National Bank v. Hawkins (C.C.A.9) 190 F. 924, 926. Gripton v. Richardson, supra.

Appellant filed in the District Court an assignment of errors, but his brief filed in this court contains no specification of errors. Our rule 24 provides that every appellant's brief shall contain a specification of the errors relied upon; that in equity cases the specification shall state, as particularly as may be, in what the decree is alleged to be erroneous; and that errors not specified according to this rule will be disregarded. Appellant has not complied with this rule. Not having been specified in his brief, the alleged errors assigned by appellant might and perhaps should be deemed to have been waived and, for that reason, might well be disregarded. However, we have not disregarded them, but have considered them all, and find no reversible error.

Decree affirmed.