## BERRY v. EARLING et al.
### No. 7915.

Circuit Court of Appeals, Ninth Circuit.
March 9, 1936.

John L. McGinn, of San Mateo, Cal., and Julien A. Hurley, of Fairbanks, Alaska, for appellant.

Charles S. Cushing, O. K. Cushing, Erwin E. Richter, Delger Trowbridge, and Everett S. Layman, all of San Francisco, Cal., and John B. Miller, of Fairbanks, Alaska, for appellees.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant is the widow and appellee Boyd is the daughter and heir at law of Hugh Franklin Berry, deceased, of whose estate appellee Earling is administrator. The property of the estate consists of mining ground in the Fairbanks recording district of Alaska. Section 1, c. 12, Session Laws of Alaska 1919 (Comp.Laws Alaska 1933, § 4407), provides: "After filing of the inventory, should the deceased have died leaving a widow or minor children, the commissioner[1] * * * shall award and set off to the surviving widow or minor children property of the estate not exceeding the value of four thousand dollars. * * *"

Proceeding under this section, the United States commissioner for Fairbanks precinct made an order awarding and setting off to appellant an undivided 8/15 of all the property of the estate. On appeal, taken by appellee Boyd, the District Court reversed the commissioner's order and entered judgment awarding and setting off to appellant an undivided 19/63 of all the property of the estate. This appeal is from that judgment.

Appellant filed in the District Court an assignment of errors, but her brief filed in this court contains no specification of errors. Our rule 24 provides that every appellant's brief shall contain a specification of the errors relied upon, and that errors not specified according to this rule will be disregarded. Appellant has not complied with this rule.

Not having been specified in her brief, the alleged errors assigned by appellant might and perhaps should be deemed to have been waived and, for that reason, might well be disregarded. Coates v. United States (C.C.A.9) 59 F.(2d) 173, 175, Gripton v. Richardson (C.C.A.9) 82 F.(2d) 313, and Gelberg v. Richardson (C.C.A.9) 82 F.(2d) 314, decided February 26, 1936. However, we have not disregarded them, but have considered them all and find no reversible error.

Judgment affirmed.

---

[1] In Alaska, United States commissioners are ex officio probate judges. Act of June 6, 1900, c. 786, § 6, 31 Stat. 323, 48 U.S.C.A. § 108; Comp.Laws Alaska 1933, § 1109.