## HULTMAN v. TEVIS.*

### In re TEVIS' ESTATE.

### No. 7929.

Circuit Court of Appeals, Ninth Circuit.

March 26, 1936.

*Rehearing denied April 27, 1936.

John L. McNab, S. C. Wright, John T. Boynton, and Chas. C. Boynton, all of San Francisco, Cal., for appellant.

Robert R. Moody, of San Francisco, Cal., for appellee.

Garret W. McEnerney, of San Francisco, Cal., amicus curiæ.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee filed his petition in bankruptcy on November 15, 1933, and on November 17, 1933, was adjudged a voluntary bankrupt. On March 2, 1934, he filed his petition for a discharge. Appellant, as trustee in bankruptcy, opposed the petition, on the ground that the bankrupt (1) had failed to keep books of account or records from which his financial condition and business transactions might be ascertained; and (2) at a time subsequent to the first day of the

twelve months immediately preceding the filing of his petition had transferred large sums of money to William S. Tevis, Jr., with intent to hinder, delay, or defraud his creditors. Bankruptcy Act § 14b, as amended by § 6 of the Act of May 27, 1926, c. 406, 44 Stat. 663, 11 U.S.C.A. § 32 (b).

The matter was referred to a special master, who heard the evidence, and on April 25, 1935, filed his report, stating his findings and conclusions, and recommending that the bankrupt be discharged. The trustee filed exceptions to the report. The District Court overruled the exceptions, confirmed the master's report, and granted a discharge. The trustee has appealed. The facts, as the special master found them, are as follows:

At the time of filing his petition in bankruptcy, and for more than ten years prior thereto, the bankrupt was insolvent, was engaged in no business, kept no books of account, and had no income except gifts of money from a brother and a sister and money received by him from a spendthrift trust created by his brother's last will. All sums of money received by the bankrupt from his brother, from his sister, or from the spendthrift trust were gifts made to him, without consideration, for his maintenance and support. All this money was spent by the bankrupt. No part of it was invested or saved.

Between April 1, 1931, when his brother died, and April 4, 1932, when he began receiving money from the spendthrift trust, the bankrupt's only income was what his sister gave him. This being insufficient for his needs, he supplemented it by borrowing from a bank. All his debts except this bank loan were contracted prior to 1915. One of these was a debt of $50,000 owing by the bankrupt to his son, William S. Tevis, Jr. This debt was never fully paid. The unpaid balance of it was forgiven shortly before the filing of the petition in bankruptcy, and was therefore not scheduled.

■ Some of the money which the bankrupt received from the spendthrift trust was transferred by him to his son, William S. Tevis, Jr., at a time subsequent to the first day of the twelve months immediately preceding the filing of his petition. The bankrupt had theretofore been advised by his attorney, to whom all the facts were fully disclosed, that money received from this trust could not be subjected to the claims of his creditors, even after it reached his hands. Whether this advice was correct or not is a question which the District Court did not, nor do we, deem it necessary to decide. The bankrupt, in good faith, believed and relied on his attorney's advice and acted on it in making the transfer to his son. Furthermore, the amount of money so transferred was less than the amount then owing by the bankrupt to his son. The mere fact that a bankrupt has made a preferential payment or transfer to one of his creditors is no ground for denying a discharge. Rutter v. General Motors Acceptance Corp. (C.C.A. 10) 70 F.(2d) 479, 481; In re Richter (C. C.A.2) 57 F.(2d) 159, 160; Bailey v. Ross (C.C.A.8) 53 F.(2d) 783, 784.

The findings of fact hereinabove set forth were not excepted to and are not here questioned. Having found these facts, the special master further found and concluded that the bankrupt's failure to keep books of account was justified under all the circumstances of the case; that the money which he transferred to his son was not transferred with intent to hinder, delay, or defraud his creditors; and that therefore he was entitled to a discharge. To these findings and conclusions the trustee interposed exceptions, the overruling of which he assigns as error.

■ The assignments are without merit. On the facts found by the master and not disputed by the trustee, the District Court was justified in accepting the master's conclusions and granting the bankrupt a discharge. The question of the right to a discharge in bankruptcy is addressed to the sound discretion of the District Court, with the exercise of which, except in case of gross abuse, an appellate court will not interfere. Baash-Ross Tool Co. v. Stephens (C.C.A.9) 73 F.(2d) 902, 906; In re Silverstein (C.C.A.9) 35 F.(2d) 497, 498; In re Merritt (C.C.A.9) 28 F.(2d) 679. There was in this case no abuse of discretion.

■ Other errors were assigned in the District Court, but are not specified in appellant's brief, and therefore, under our rule 24, are deemed to have been waived. Coates v. United States (C.C.A.9) 59 F. (2d) 173, 175. See, also, Gripton v. Richardson (C.C.A.9) 82 F.(2d) 313, and Gelberg v. Richardson (C.C.A.9) 82 F.(2d) 314, decided February 26, 1936.

Order affirmed.