## HUMPHREYS GOLD CORPORATION v. LEWIS.

### No. 8342.

Circuit Court of Appeals, Ninth Circuit.

June 7, 1937.

John G. Brown, of Helena, Mont., and Corette & Corette, of Butte, Mont., for appellant.

Philip Duncan, of Whitehall, Mont., M. M. Duncan, of Virginia City, Mont., and H. Lowndes Maury and A. G. Shone, both of Butte, Mont., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

GARRECHT, Circuit Judge.

The appellee filed suit in the court below for injuries suffered in an automobile accident on December 25, 1935.

The complaint alleged that at the time of the accident the appellant was mining with a gold dredge and operating a machine and blacksmith shop, each within 100 feet of a public highway, but on opposite sides of the road, in the "old town" of Nevada Alder Gulch, Madison county, Montana; that behind the machine shop, uphill from the highway, there was a small permanent water course paralleling the highway and entering above the road, another side stream running under the highway in a culvert at right angles thereto; that, but for the acts of the appellant, the little tributary of the side stream would have flowed into the latter and under the culvert, and not formed

any ice on the road; that the appellant negligently caused débris to be put into and near the tributary and thus blocked the flow, causing the water to pass over the highway.

It was also averred that, because of one or more of the foregoing "negligent acts" of the appellant, a sheet of ice was formed on the highway, 100 or more feet long, extending entirely across the road.

According to the complaint, for more than six months before the date of the accident, the appellant owned a placer lot, extending back 200 feet from each boundary of the highway and paralleling it for 1,500 feet on each side; and that the portion of the highway passing through the village of Nevada was within a mile of Virginia City, Montana.

It was further alleged that, within six months prior to December 1, 1935, the appellant ran a drift or cut within the limits of the village of Nevada and within 300 feet of the highway; that the drift or cut was 12 or more feet deep; that it was cut "to and into" the road for 250 feet along the southwest boundary thereof, and was 50 feet or more wide; that the appellant failed to place a cover over any part of the drift or cut, or to place a fence around any part of it, allowing it to be thus left open and unprotected for more than ten days before the accident; that such conduct was negligent and also contrary to section 11267 of the Revised Codes of Montana of 1921; that the appellant failed to place any warning lights or other signals on any side of the ice obstruction or of the drift or cut, and also failed to place any watchman to warn traffic on the highway regarding the ice obstruction or the excavation. It is stated that the ice was "curved and corrugated in many irregular directions on its surface."

On the night of December 25, 1935, at about 9 o'clock, it is set forth, an automobile driven by Roy Kitson, carrying the appellee as a guest in the rear seat of the car with no control over its movements, approached the obstruction and got upon the ice. It is averred that a horse suddenly appeared in front of the automobile; that the driver saw the animal at such a distance that, but for the ice obstruction, he could have brought his machine to a stop before hitting it, or could have slowed down the car so that collision with the horse would have resulted in no injury to the appellee; that on parts of the road adjacent to the ob-

struction there was no snow or ice, and it was a highway surface that gave good friction to the tires when the brakes were applied; that the brakes were reasonably efficient for ordinary use on roads so surfaced; that Kitson applied his brakes in time, but for the obstruction, which caused the tires to fail to engage the highway surface, and caused the driver to lose complete control of the car; that the automobile was precipitated by the obstruction and the appellant's negligence, down into the drift or open cut, thereby causing the appellee's back to be broken.

The complaint asked for damages amounting to $37,500.

The trial court denied a motion for nonsuit, made by the appellant at the close of the appellee's case; the appellant duly taking an exception. At the close of all the evidence, the appellant made a motion for a directed verdict, which motion was denied by the court. The record fails to show that any exception was taken to the denial of the motion.

The jury returned a verdict of $7,000 in favor of the appellee. Judgment was entered accordingly, and the present appeal was taken.

■ There are nine assignments of error. Two of the assigned errors (assignments 1 and 2) are not specified in appellant's brief, as required by our rule 24, and are, therefore, disregarded. Mutual Life Ins. Co. v. Wells Fargo Bank & Union Trust Co. (C. C.A.9) 86 F.(2d) 585, 587; United States v. Los Angeles Soap Co. (C.C.A.9) 83 F. (2d) 875, 889; Hultman v. Tevis (C.C.A.9) 82 F.(2d) 940, 941; Berry v. Earling (C.C. A.9) 82 F.(2d) 317; Gelberg v. Richardson (C.C.A.9) 82 F.(2d) 314, 315; Gripton v. Richardson (C.C.A.9) 82 F.(2d) 313, 314.

Four of the seven specifications of error cluster about the main contention that the court below erred in submitting the case to the jury, and particularly that it erred in denying the appellant's motions for nonsuit, made at the close of the appellee's case, and for a directed verdict, made at the close of all the testimony.

■ With regard to the appellant's motion for a nonsuit at the close of the appellee's case, it has been repeatedly decided that such a motion is waived if the defendant elects not to rest his case, but proceeds to introduce evidence of his own.

In Columbia & P. S. R. Co. v. Hawthorne, 144 U.S. 202, 206, 12 S.Ct. 591, 592,

36 L.Ed. 405, the court said: "The question of the sufficiency of the evidence for the plaintiff to support his action cannot be considered by this court. It has repeatedly been decided that a request for a ruling that upon the evidence introduced the plaintiff is not entitled to recover cannot be made by the defendant as a matter of right, unless at the close of the whole evidence; and that, if the defendant, at the close of the plaintiff's evidence, and without resting his own case, requests and is refused such a ruling, the refusal cannot be assigned for error. [Cases cited.]"

Again, in Union Pacific Railway Company v. Daniels, 152 U.S. 684, 687, 688, 14 S.Ct. 756, 757, 38 L.Ed. 597, Mr. Chief Justice Fuller said: "At the close of the plaintiff's evidence, the defendant moved to dismiss the complaint, which motion was denied, and defendant excepted. Thereupon the defendant proceeded with its case, and adduced evidence on its part. This waived the exception, and the action of the court in overruling the motion to dismiss cannot be assigned for error. [Cases cited.]" See, also, Bunker Hill & Sullivan Mining & Concentrating Co. v. Polak (C.C.A.9) 7 F. (2d) 583, 585, certiorari denied 269 U.S. 581, 46 S.Ct. 106, 70 L.Ed. 423; Brown v. Carver (C.C.A.2) 45 F.(2d) 673; Erie R. Co. v. Linnekogel (C.C.A.2) 248 F. 389, 392, 393; Washburn v. Douthit (C.C.A.8) 73 F. (2d) 23, 24.

According to the foregoing authorities, therefore, the appellant's ability to assign as error the court's submission of the case to the jury depends solely upon the efficacy of the appellant's motion for a directed verdict at the close of all the evidence.

█ While one of the specifications asserts that the denial of the motion for a directed verdict at the close of all the evidence was "duly" excepted to "in open court," the record fails to show that an exception was taken. Indeed, on the oral argument, it was conceded that the exception does not appear in the printed record before us, but it was suggested that the transcript possibly failed to disclose all that occurred at the time the motion was made and denied. We are here, however, confined to the record as certified.

█ It is well settled, in this circuit and elsewhere, that the absence of a proper exception to the trial court's ruling on a motion for a directed verdict precludes the appellate court from reviewing that ruling.

In Sacramento Suburban Fruit Lands Co. v. Tipper, 36 F.(2d) 941, we said: "The next error assigned is the denial of a motion for a directed verdict at the close of all the testimony. No exception was taken to the ruling of the court in that regard until after the verdict was returned, and for that reason the assignment cannot be considered."

In the instant case, the record fails to show that an exception to the denial of the motion was taken at any time. A fortiori, the rule should be enforced here. See, also, Murray Hospital v. Rasmussen (C.C.A.9) 35 F.(2d) 864; McCuing v. Bovay (C.C.A.8) 60 F.(2d) 375; Kern v. United States (C.C. A.10) 74 F.(2d) 450; O'Brien's Manual of Federal Appellate Procedure (2d Ed., Cum. Supp.1936) p. 25; 4 C.J.S., Appeal and Error, § 332, a, pp. 693–695.

On oral argument, an attempt was made to escape the effect of the above omission by invoking the practice of the courts of Montana and also relying upon the Conformity Act (28 U.S.C.A. § 724). In Swift & Co. v. Daly, 44 F.(2d) 40, 41, we thus disposed of a similar contention: "The question of the method of reserving exceptions as a basis for a writ of error or appeal in the federal courts is one dependent upon the rules established in the federal courts."

In O'Brien's Manual, supra, at pages 18, 20, and 21, the following much-needed cautionary language is found:

"Frequently counsel are led astray by a reliance upon state practice and statutes wherein exceptions are reserved as of course. * * *

"And the practice respecting exceptions in the federal courts is unaffected by the Conformity Act, section 914, R.S. [28 U.S. C.A. § 724]. * * *

"The proper manner of reserving exceptions is a part of the procedure in error in federal courts of review, and is not controlled by the conformity provision of the Revised Statutes."

The three remaining specifications of error assert that "The evidence is insufficient to justify any verdict herein"; that "The verdict is contra to [sic] the instructions of the court and against the law"; and that "The court erred in permitting the judgment in favor of the plaintiff and against the defendant".

█ In the light of the record, which we have already discussed, these assignments

are entirely too general to bring up any question for review in this court.

In Baldwin v. United States, 72 F.(2d) 810, 814, certiorari denied 295 U.S. 761, 55 S.Ct. 920, 79 L.Ed. 1703, this court said: "Assignments No. 9, that 'the verdict is against the law,' and 10, that 'it was error to give and render judgment against the defendants on said verdict,' are too general and indefinite to present any question to the appellate court for review. Lawson v. United States (C.C.A.) 297 F. 418; O'Brien's Manual on Federal Appellate Procedure, p. 110."

Again, in Hecht v. Alfaro, 10 F.(2d) 464, 466, we said: "He [the plaintiff] presents for the consideration in this court assignments of error directed to the verdict and the judgment, which he contends are erroneous, in that they are wholly unsupported by any evidence of the defendant's performance of the contract, and he contends that under the evidence the obligation to furnish transportation and to furnish it during the month of May, 1920, rested upon the defendant."

It will be seen from the foregoing excerpt that the assignments in the Hecht Case were much more specific than any of the three that we are here considering. Yet, of such assignments this court proceeded to say: "Such assignments present nothing for the consideration of an appellate court. They bring up for review no ruling of the trial court. They do not show that at any point in the proceedings the court below committed error. Upon no question thus presented does it appear that the trial court was requested to make a ruling or give an instruction to the jury. This court has no authority to retry an action at law and render such judgment as we may think should have been rendered. We can review only rulings made by the trial court on questions brought to its attention and passed upon by it. [Many cases cited.]" See, also, Arkansas Anthracite Coal & Land Co. v. Stokes (C.C.A.8) 277 F. 625, 627, certiorari denied 259 U.S. 585, 42 S.Ct. 589, 66 L.Ed. 1076; Flanagan v. Benson (C.C.A.8) 37 F. (2d) 69, 70; Brown Sheet Iron & Steel Co. v. Willcuts (C.C.A.8) 45 F.(2d) 390; Ayers v. United States (C.C.A.8) 58 F.(2d) 607, 608; New York, O. & W. Ry. Co. v. Jones (C.C.A.3) 66 F.(2d) 556, 557, certiorari denied 290 U.S. 687, 54 S.Ct. 123, 78 L.Ed. 592.

Finally, an examination of the record and briefs convinces us that there is disclosed no "plain error" that would justify remedial action in the absence of a proper exception. Fricke v. General Accident, Fire & Life Assur. Corp. (C.C.A.8) 59 F.(2d) 563, 564, certiorari denied 287 U.S. 662, 53 S.Ct. 221, 77 L.Ed. 571. No exceptions were noted to the instructions of the court, and the specifications of error do not complain of any rulings on the evidence.

Accordingly, the judgment is affirmed.