## KELLING NUT CO. v. NATIONAL NUT CO. OF CALIFORNIA.

### No. 10832.

Circuit Court of Appeals, Ninth Circuit.

Oct. 23, 1944.

Guy A. Gladson and Arthur D. Welton, Jr., both of Chicago, Ill., and Collins Mason, of Los Angeles, Cal., for appellant.

Hugh N. Orr and Charles S. Evans, both of San Francisco, Cal., and Frederick S. Lyon, of Los Angeles, Cal., for appellee.

Before DENMAN and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

After argument the motion to dismiss, the appeal was granted from the bench on August 28, 1944. Appellant seeks a rehearing.

On June 22, 1943, the court below entered a judgment of dismissal of the complaint, without prejudice, on condition that "the question of defendant's costs and expenses herein shall hereafter be determined upon motion presented to the United States District Court for the Northern District of Illinois, Eastern, in an action pending therein, entitled 'National Nut Company of California v. Kelling Nut Company, et al.' and designated as No. 43 C 423; for determination by said Court at its discretion under Rule 41(d) of the Rules of Civil Procedure of the United States District Court, 28 U.S.C.A. following section 723c without limitation or direction by reason of any order heretofore made by this court; or, if such Court shall decline to hear said motion, then to this Court, upon proper notice to plaintiff for determination pursuant to Rule 41(a) (2). It is further ordered that in the event such issue of costs and *expenses shall be pre-*

*sented to this Court by motion pursuant to the foregoing order, this Court reserves jurisdiction to hear such motion and to determine and tax said costs* and the rule of this Court requiring submission of a cost bill within five days after entry of decree shall be and the same is hereby suspended for the purpose of permitting the presentation of such motion to this Court and the disposition thereof; whether proceedings in said Illinois Court shall be stayed pending proceedings before this Court upon such motion or pending any appeal from an Order of this Court made thereon is a matter entirely in the discretion of the *Illinois Court.*" (Emphasis supplied.)

No appeal was taken from this judgment fixing the conditions of the dismissal or of the reservation of jurisdiction to fix costs in the manner there adjudged.

On September 9, 1943, a motion, inter alia, was filed to modify the judgment condition as to costs "by inserting in lieu thereof a provision that such dismissal without prejudice shall be upon the condition that the plaintiff pay to the defendant herein, The Kelling Nut Co., its costs and reasonable expenses for attorneys' fees, court reporters' and other costs and expenses reasonably incurred in the defense of this action and in preparation for the trial thereof, as the same shall be determined by this Court," and to determine costs as if the dismissal conditions of the judgment of June 22, 1943, did not exist.

Both requests were denied but the court's order on February 7, 1944, modified the condition of the judgment by ordering that "In the event that the action entitled National Nut Company of California, Plaintiff, Kelling Nut Company et al., defendants, pending in the District Court of the United States for the Northern District of Illinois, Eastern Division, No. 43 C 423, is tried and submitted without unreasonable delay the defendant may thereafter renew its said motion, and in the event of unreasonable delay in the trial and submission of such action, then upon due notice to plaintiff, defendant may apply to this court for leave to renew its said motion."

No appeal from the order so modifying the judgment was taken. The notice of appeal is confined to "that portion of the judgment entered in this cause on February 7, 1944, denying the motion of this defendant for a determination and taxation of its costs and expenses against plaintiff."

Appellant strongly argues that as to the judgment conditions as to costs "It was therefore an abuse of discretion for the court below to postpone the determination sought by appellant until after the trial of such second action [by the Illinois court]."

Such an argument of abuse of discretion well could have been presented on appeal from the judgment on June 22, 1943, and possibly from the modification on February 7, 1944. Appellant cites State of Washington v. United States, 9 Cir., 87 F.2d 421; Gelberg v. Richardson, 9 Cir., 82 F.2d 314; Home Owners Loan Corp. v. Huffman, 8 Cir., 134 F.2d 314; West v. Radio-Keith-Orpheum Corp., 2 Cir., 70 F. 2d 621; Chief Consolidated Mining Co. v. Mammoth Mining Co., 8 Cir., 29 F.2d 703; City and County of Denver v. Stenger, 8 Cir., 295 F. 809; American Brake Shoe & Foundry Co. v. New York Ry. Co., 2 Cir., 282 F. 523, and Odell v. H. Batterman Co., 2 Cir., 223 F. 292. An examination of all these cases discloses none which holds that judgment containing such conditions in abuse of the judge's discretionary power are deemed void and subject to such collateral attack as is here attempted. They are cases in which the claimed abuse of discretion was considered on direct appeal.

The order appealed from denying the motion to fix costs without prejudice and with permission for a further motion is clearly not a final order. Hence the dismissal of the appeal.

The petition for rehearing is denied.