In re SUSSMAN.

(District Court, M. D. Pennsylvania. December 2, 1910.)

No. 1,501, in Bankruptcy.

BANKRUPTCY (§ 399*)—EXEMPTIONS—FORFEITURE OF RIGHT BY FRAUD—CONCEALMENT OF PROPERTY BY OMISSION FROM SCHEDULES.

A bankrupt, who omitted from his schedules certain life insurance policies held by him, and on his first examination denied having such policies, which he had in fact turned over to his father, with the purpose of retaining them for his own benefit, was guilty of fraudulently trying to conceal property from his creditors, which, under the Pennsylvania statute, forfeited his right to his exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 669; Dec. Dig. § 399.*]

In the matter of Benjamin Sussman, bankrupt. On review of or-, der of referee disallowing exemption. Affirmed.

Abraham Salsburg, for bankrupt.
W. H. Goodwin, for trustee.

ARCHBALD, District Judge. If the bankrupt was guilty of fraudulently trying to conceal any of his property, he forfeited, according to the state law, his right to the $300 state exemption. And that he tried to cover up the fact that he had two insurance policies there can be little question. Not only was there no mention of these policies in his schedules, but when he was examined with regard to his property he explicitly denied having any such policies. And it was only at a subsequent hearing, when he was brought face to face with the fact that his books showed the payment of premiums, that he admitted having had two policies; his explanation of his previous denial being that they had been turned over to his father, in consideration of his paying the last premium, and that he thought the creditors had nothing to do with them. The right of the father to hold the policies, upon this plea, was tried out in a separate proceeding, and found to be of no substance, and from what was there disclosed it is clear that this story was merely trumped up to enable the bankrupt to keep his hold on them. It is not as though there was a well-grounded dispute with regard to the ownership, on the strength of which the bankrupt omitted the policies in making up his schedules, or was advised to do so after consulting counsel. In re Alleman, 20 Am. Bankr. Rep. 745, 162 Fed. 693; In re Kyte, 23 Am. Bankr. Rep. 414, 174 Fed. 867. The omission, as I am convinced, was willful, with the idea of getting the benefit of the policies; the claim of the father being brought forward to make it effectual.

The referee was therefore right in refusing the exemption, and his action is affirmed