## In re SUSSMAN.

### (District Court, M. D. Pennsylvania.   April, 1911.)

1. EVIDENCE (§ 43*)—JUDICIAL NOTICE—FORMER PROCEEDINGS.

On an application for a bankrupt's discharge, the court will take judicial notice of the record of a former application of the bankrupt to have his exemption set off to him, which was denied, because it was found he had attempted to conceal his assets.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

2. BANKRUPTCY (§ 408*)—DISCHARGE—CONCEALMENT OF ASSETS.

Where a bankrupt willfully attempted to conceal the fact that he had certain insurance policies, with the hope that he might secure the benefit thereof, his right to a discharge was forfeited, though he listed the property after his fraudulent attempt at concealment was discovered.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 408.*]

In the matter of bankruptcy proceedings of one Sussman. On the bankrupt's petition for discharge, to which certain creditors objected. Objections sustained.

Abraham Salsburg, for bankrupt.

John H. Dando, W. H. Goodwin, and G. Fred Lazarus, for opposing creditors.

WITMER, District Judge.   The bankrupt law is intended to afford honest, unfortunate debtors relief.   The dishonest or those unwilling to surrender all their property required to secure a complete discharge from their obligations are not entitled to its benefits.   It

appears that this court, in an opinion filed December 2, 1910 (183 Fed. 331, 24 Am. Bankr. Rep. 909), found that "the bankrupt willfully tried to cover up the fact that he had two insurance policies with the idea of getting the benefit of the policies." Upon this finding the court based its refusal of the exemption claimed by the bankrupt.

[1, 2] The same appears sufficient reason to deny the bankrupt his discharge, on attention being called to the record, of which the court will take notice. The fact that the bankrupt listed such property after his attempt to conceal the same, after the making of the false oath by him had been discovered, will not relieve him from the consequence of such act. The right to a discharge is forfeited, if the bankrupt knowingly conceals his property, or knowingly makes a false oath in the bankruptcy proceedings. In re Breiner (D. C.) 129 Fed. 155, 11 Am. Bankr. Rep. 689. The wrongful act, when once committed during the proceedings, may not be avoided, so as to restore the dishonest bankrupt to his former status, and enable him to reap the benefits, notwithstanding the attempt.

There are other exceptions to the discharge which might prove sufficient; but, in view of the conclusion reached, they will not be considered.

The petition for discharge must be denied, and it is so ordered.