## In re SINGER et al.

(Circuit Court of Appeals, Second Circuit. April 24, 1918.)

No. 221.

1. BANKRUPTCY ⬅458—DISCHARGE—SPECIFICATIONS—OBJECTIONS.

Where no exception was taken in the court below on the ground of the generality of the specifications of objections to discharge, and the questions intended to be raised were fully gone into before the special master and District Judge, such objection cannot be raised on appeal.

2. BANKRUPTCY ⬅408(4)—DISCHARGE—TRANSACTIONS WITH INTENT TO HINDER, DELAY, AND DEFRAUD CREDITORS.

Where partners incorporated a successful department of their business and, having received the stock, transferred it to relatives for apparently nominal considerations at a time when the firm was obviously insolvent, the transaction must be deemed one intended to hinder, delay, or defraud creditors, and, having occurred within four months of bankruptcy, warrants denial of discharge under Bankruptcy Act, § 14(4) (Comp. St. 1916, § 9598).

3. BANKRUPTCY ⬅408(3)—DISCHARGE—DENIAL.

Though property transferred by bankrupts within four months of insolvency was subsequently on demand surrendered by the transferees to the trustee in bankruptcy, a finding that the previous transfer was made with intent to hinder, delay, or defraud creditors, within Bankruptcy Act, § 14(4) (Comp. St. 1916, § 9598), is in no way affected, and discharge may be denied.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Samuel J. Singer, Meyer Singer, Daniel Singer, and Samuel J. Singer, Jr., individually and composing the firm of S. J. Singer & Sons. From an order denying the application of three of the bankrupts for discharge, they appeal. Affirmed.

Myers & Goldsmith, of New York City (E. J. Myers and Gordon S. P. Kleeberg, both of New York City, of counsel), for appellants.

Hays, Hershfield & Wolf, of New York City (H. H. Kaufman, of New York City, of counsel), for appellee.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WARD and ROGERS, Circuit Judges, and LEARNED HAND, District Judge.

WARD, Circuit Judge. This is an appeal from an order of the District Court denying the applications of three of the bankrupts for discharge. The firm consisted of Samuel J. Singer, Meyer Singer, Daniel S. Singer, and Samuel J. Singer, Jr., and did a wholesale woolen business under the name of S. J. Singer & Sons. Long before the events to be considered it had incorporated one branch of its business under the name American Specialty Tailoring Company, and October 8, 1914, it incorporated another branch, which had been separately carried on its books as the Shaw-Brown Department, under the corporate name of the Shaw-Brown Company. The capital stock of the company, amounting to $2,000, was equally divided between the four partners.

November 28, 1914, a fire occurred in the firm's place of business, which destroyed much of its goods and many of the books, both of S. J. Singer & Sons and of the Shaw-Brown Company. Negotiations with the insurance company to recover the loss and pressure of creditors for payment caused the firm to make an assignment for the benefit of creditors December 31, 1914, which was followed by an involuntary petition in bankruptcy January 1, 1915, and an adjudication of the partners individually and of the firm February 25, 1915. July 7, 1915, the four bankrupts filed petitions for discharge, to which creditors interposed specifications of objection. The ninth specification only need be considered. It is as follows:

"Ninth. That the said bankrupts, at a time subsequent to the first day of the four months immediately preceding the filing of the petition herein, transferred, with intent to hinder, delay, and defraud their creditors, such merchandise and property to persons whose names are unknown to your petitioners, to hold same for the use and benefit of the bankrupts herein, and that the purpose of the said transfer on the part of the said bankrupts was to hinder, delay, and defraud their creditors to the amount of the value of the said property. That the said property so transferred was property which could have been transferred by the bankrupt to his trustee in bankruptcy. That among the persons to whom such property was so transferred are Shaw-Brown Company and Emily Singer."

[1] The special master sustained this specification on the ground that it disclosed an unlawful preference under section 60b, Bankr. Act July 1, 1898, c. 541, 30 Stat. 562 (Comp. St. 1916, § 9644), whereas Judge Mayer sustained it on the ground that the transactions referred to were made with the intent to hinder, delay, or defraud creditors, which disentitled the bankrupts to a discharge under section 14(4) (Comp. St. 1916, § 9598). The appellants now contend that the specification was insufficient because of its generality; but as no exception was taken on that ground in the court below, and the questions intended to be raised were fully gone into before the special master and the District Judge, it is too late to make the objection now. If the exception had been taken earlier, the specification might have been amended.

[2, 3] The incorporation of the Shaw-Brown Company, a successful department of the firm's business, and the transfer by the partners of its capital stock to relatives for what were apparently nominal con-

siderations, when the firm was obviously insolvent, together with the various and unsatisfactory explanations made for the incorporation and the transfer of the stock, indicate an intent to keep this branch of the firm's business for the benefit of the bankrupts and to deprive the firm's creditors of its assets. The fact that the shares of the capital stock of the Shaw-Brown Company were subsequently, on demand, surrendered by the transferees to the trustee in bankruptcy, in no way impairs the finding of the District Judge that the previous transfer was with the intent to hinder, delay, and defraud creditors under section 14(4) of the act.

The order is affirmed.