## In re JACOBSON.

(District Court, D. South Dakota, N. D. December 8, 1925.)

**1. Bankruptcy ⬦407(1)—Discharge in bankruptcy withheld from persons specified in Bankruptcy Act.**

Discharge authorized by Bankruptcy Act is expressly withheld from persons whose conduct brings them within Bankruptcy Act, § 14 (Comp. St. § 9598).

**2. Bankruptcy ⬦408(3)—Bankrupt, concealing property to hinder creditor, but having property retransferred immediately before filing voluntary petition, held not entitled to discharge.**

Under Bankruptcy Act, § 14b (4), being Comp. St. § 9598(b) (4), bankrupt, who transferred his realty to hinder and delay creditor, but subsequently had property retransferred, filed voluntary petition in bankruptcy, and scheduled such property, was not entitled to discharge.

In Bankruptcy. In the matter of objections to the discharge of Chris M. Jacobson, bankrupt. Objections sustained, and discharge denied.

Van Buren Perry, of Aberdeen, S. D., for objecting creditors.

F. W. Noll, of Aberdeen, S. D., for bankrupt.

ELLIOTT, District Judge. The report of the facts found by the special master, in so far as material here, are as follows:

That the bankrupt filed a voluntary petition in bankruptcy December 13, 1923, and was adjudged bankrupt December 15, 1923.

That on June 23, 1923, the bankrupt, while intoxicated, attempted to drive an automobile on the public highways of the city of Aberdeen, South Dakota, and while operating an automobile in this condition he ran over Edward Becker, a minor, breaking his leg and otherwise injuring the said Edward Becker.

That on the 24th day of June, 1923, immediately following this action, the bank-

rupt executed a deed to A. W. Terriff to 160 acres of land in Perkins county, South Dakota, described in the report. That the deed was never delivered to the grantee therein named, was executed without consideration, and at the time the deed was executed the grantee had no knowledge of its execution. That bankrupt thereupon filed the deed for record with the register of deeds of Perkins county, and the same was at once recorded in the records of the register of deeds' office.

"That the deed was made on the part of the bankrupt with the intent of concealing the said property and of hindering and delaying the said Edward Becker, should he institute proceedings for the recovery of damages for the injuries he sustained the previous day by reason of being run down by the bankrupt in his automobile while in an intoxicated condition."

That at the time this transfer was made the bankrupt was indebted to his wife for borrowed money in the sum of approximately $158, and to one Thompson for $300.

That an action was subsequently commenced by Edward Becker, by his guardian, against said bankrupt, and judgment was obtained in favor of said minor in the circuit court of Brown county, South Dakota, November 7, 1923, amounting to $1,360.95.

That some days previous to the execution and filing of his voluntary petition in bankruptcy herein the bankrupt procured from Terriff, grantee above named, a deed reconveying to him the said Perkins county land, and placed said deed upon record prior to filing his schedules in bankruptcy, and said land was scheduled by the bankrupt as a part of his assets, and was duly assigned and transferred to the trustee for the benefit of his creditors.

The special master announced his conclusion as follows:

"On such facts it is my opinion that at the time the bankrupt filed his schedules herein he came into the bankruptcy court with clean hands, that he disclosed in his voluntary schedules all his property, including the Perkins county land, and that by so doing he had cured the previous effort to conceal his assets by the transfer above mentioned, and I therefore recommend that the objections to the application of the bankrupt herein for a discharge be dismissed and the discharge granted."

The testimony is practically undisputed. There is no chance for controversy as to just what the bankrupt did with reference to the property alleged to have been concealed, to wit, the land above referred to, nor is there any question of fact as to the purpose of the bankrupt. Immediately after running this boy down with an automobile, while in a drunken condition, he, without consideration, transferred this land to another, without notifying the grantee that he had done so. He himself filed it for record, with the admitted purpose of preventing the injured boy reaching the property to satisfy his claim for damages. The record discloses that thereafter an action was commenced, and thereafter an attachment was levied against this land, and thereafter a judgment entered, and, when the bankrupt found that the property would be reached by execution, he concluded to go into bankruptcy, and thereupon has the grantee named in the deed deed it back to him, and he himself then filed the deed and scheduled the land with his petition in bankruptcy. It is admitted by counsel for all parties here that the record without dispute discloses that this property was concealed in this manner by the bankrupt for the purpose and with the intent to hinder, delay, and defraud this boy out of that which was due him from the bankrupt on account of the injury he had received at the bankrupt's hands.

The objection to the discharge of the bankrupt is drawn pursuant to the provisions of section 14b (4) of the Bankruptcy Act (Comp. St. § 9598 [b] [4]), which, with the first sentence of the section applicable, reads as follows:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto * * * and investigate the merits of the application and discharge the applicant unless he has * * *

"(4) At any time subsequent to the first day of the four months immediately preceding the filing of the petition, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors. * * *"

There is no controversy here but that the objection to the discharge is drawn in conformity with this provision of the statute, nor is there any contention but that the facts bring the case within the letter of this particular statute, in that this land was concealed by the bankrupt, and that that concealment was a continuing concealment up to the time the bankrupt secured the deed from the grantee therein and filed it with

the register of deeds just a few days prior to the day of his filing his petition in bankruptcy; that such concealment was, therefore, subsequent to the first day of the four months immediately preceding the filing of the petition, and that it was made with intent to hinder, delay and defraud his creditors, and especially Edward Becker, whose claim, as represented by judgment, has been filed against him in this proceeding. It perhaps should be added that counsel for both petitioner and bankrupt concede that, if there be a concealment, such concealment continues from the time it is placed in concealment for and during the entire period that it is concealed. In re James (D. C.) 175 F. 894. This construction of continuous concealment has been declared by the courts arising on applications for discharge under section 14b (4) of the act, and applies with equal force to the concealment of property under the criminal section, 29b (1), being Comp. St. § 9613(b) (1).

[1] The petition of the bankrupt must be allowed or denied upon a fair construction of this quoted provision of section 14b (4) of the bankruptcy statute. The discharge authorized by the Bankruptcy Act is not for all bankrupts. It is expressly withheld from those whose conduct bring them within the provisions of section 14 of the Bankruptcy Act. In re Perlmutter (D. C.) 256 F. 865.

[2] The sole question, therefore, presented by the record here, is whether, having concealed his property with the fraudulent intent prohibited by section 14b (4), which concealment was within the four months' time named in said section, the fact that the bankrupt had the property redeeded to himself, the deed filed, and immediately thereafter filed his petition in bankruptcy, scheduling this property that had been concealed, relieves him of the bar to his discharge that it is conceded would have existed, had he not produced the property and made the same a part of his estate.

I have examined the cases that have been determined with some care, and find that almost universally the consideration that has been given to the effect of such a concealment of property has been viewed by the different courts in the light of the provisions of section 29b (1) of the Bankruptcy Act, which provides that "a person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently (1) concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy. * * *" In some of the cases the court have been considering an objection made under the provision of section 14b (1), which denies the applicant a discharge "if he has committed an offense punishable by imprisonment," which would include the section I have above quoted.

I can find nothing within the terms of section 14b (4) to sustain the contention of counsel for the bankrupt that there must be read into this particular statute an intent and purpose to confine its provisions to a concealment from the trustee in bankruptcy. There is nothing in the language that indicated any such intent and purpose, and just a casual reading of the section, giving to the language its plain purport, is inconsistent with this claim of the bankrupt, in that the provision of four months immediately preceding the filing of the petition is not consistent with 29(b) (1). No such provision is contained therein. In section 29b (1) the following language is used: "Concealed while a bankrupt or after his discharge, from his trustee, * * *" while the plain provision of section 14b (4) is that subsequent to the first day of the four months immediately preceding the filing of the petition in bankruptcy the bankrupt has concealed any of his property—not from the trustee—but "with intent to hinder, delay, or defraud his creditors," then his discharge must be denied. There is no controverted question of fact here. Bankrupt did within the four months of filing his petition conceal his property with the intent prohibited by section 14b (4), and it likewise appearing that the manner and circumstances under which this was done were to hinder and delay, if not entirely to defraud, his creditors, and especially Edward Becker in the collection of his judgment, and therefore bankrupt's discharge should be denied.

Counsel for bankrupt urges that, having secured the title to this property that had been theretofore concealed, and having scheduled it in his petition in bankruptcy, bankrupt comes into this court with clean hands, and that, although the letter of section 14b (4) applies to his circumstances and prohibits the dishonesty of which bankrupt's creditors now complain, and admitting the dishonest purpose and intent of the bankrupt when this transfer was made, he relieved himself of the penalty prescribed by section 14b (4), because he has, in effect, rescinded his act of dishonesty by his scheduling the property with his petition in bankruptcy. Unfortunately there is no provision in the statute giving him such

a benefit, nor is there anything in this statute that provides that because he retracts, and for any reason, honest or dishonest, because of necessity or otherwise, he brings the concealed property into court with his petition, he thereby relieves himself of the burden imposed by the plain terms of this statute.

In this particular case it appears without dispute that he transferred this property for the purpose prohibited in this statute, within the time named in the statute, and that an attachment had been levied upon the land as his property, and he was going to lose the property, and therefore, because it became apparent to him that his scheme to defraud was a failure, he brings the property so concealed into court, and asks the court to consider his privilege as an honest debtor, and give him the benefits of the Bankrupty Act in the discharge of his debts. In my judgment this is just such a situation as this provision of the law was intended to serve, and under the provision of this statute no debtor, who, within four months of the time of the filing of his petition, conceals his property with intent to hinder, delay, or defraud his creditors, can come into this court with the property he has concealed and say, in substance: Here is the property that I concealed with the intent and purpose prohibited by section 14b (4), and I now deem it to my best interests to file a petition in bankruptcy and to schedule the property, and therefore I am coming with clean hands and am entitled to my discharge. The mere statement of the claim of such a right is not only repugnant to the plain provisions of the statute, but it is inconsistent with the well-settled principle of law that a discharge is by the terms of the statute expressly withheld from those whose conduct bring them within the provision of section 14 of the Bankruptcy Act.

You may therefore prepare proper order denying bankrupt's discharge, with an exception to the bankrupt.