**HARRIS v. BAKER.**
No. 8126.

Circuit Court of Appeals, Ninth Circuit.
Dec. 17, 1936.

J. Oscar Goldstein, of Chico, Cal., and Arthur P. Shapro, of San Francisco, Cal., for appellant.

A. D. Schaffer, Torregano & Stark, and Keyes & Erskine, all of San Francisco, Cal., for appellee.

Before MATHEWS and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

To reverse denial of discharge in bankruptcy by the court upon findings of fact and recommendations by the special master, this appeal is prosecuted.

The law, so far as applicable, is section 14b (3, 4, 7), Bankruptcy Act, as amended (title 11 U.S.C.A. § 32 (b) (3, 4, 7), (b) "(3) Obtained money * * * on credit, or obtained an extension * * * of credit, by making * * * or causing to be made * * * a materially false statement in writing respecting his financial condition." "(4) * * * Transferred, removed, destroyed, or concealed or permitted to be transferred, removed, destroyed, or concealed any of his property with intent to hinder, delay, or defraud his creditors; * * * (7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities: Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this paragraph (b), would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

Objection to discharge was under title 11 U.S.C.A. § 32 (b) (3) and (b) (4). Discharge was denied on both grounds. The special master found: (1) "That the bankrupt made a * * * gift to his wife of * * * funds not exempt and that he later obtained and paid it for authorized purposes, except the sum of $562.-10, of which sum he intended to defraud and did defraud his creditors." (2) That the bankrupt obtained property on credit and extension and renewal of credit by making a reputedly false statement in writing respecting his financial condition.

The bankrupt converted a life insurance policy and received $4,588.10 which he gave to his wife, who gave it to her brother with $411 additional, which she saved from allowances given for household expenses, and after subpœna was served on the bankrupt in the bankruptcy proceeding the bankrupt received the money back from the brother-in-law and applied it to expenditures allowed by the act, except the amounts stated.

Intent to defraud is the basic ingredient of the bankrupt's acts. Good faith must emphasize his act in dealing with his property. In re Nelson (D.C.) 179 F. 320. It is psychologically impossible to enter the mind of the bankrupt to determine the intent, motive, and purpose that inspired the giving of $4,588.13 to his wife and transferring by the wife to her brother, together with $411 she had saved from allowances given her for household expenses and after service of subpœna before adjudication secure to the bankrupt return of this money from the brother-in-law. These acts are strong circumstances to indicate intent of concealing the money at the time the insurance policy was converted and that the money was transferred to delay or defraud his creditors, but when the subpœna was served, and perhaps after consulting with counsel, it was attempted to secure this money and apply it to allowable purposes, and yet there was $562.10 which was not applied to allowable purposes.

It is not essential that the creditors be ultimately defrauded to prevent discharge. In re Singer (C.C.A.) 251 F. 51. It is the evil mind against which the bar

938

is placed so as to guard against repetition, as well as give creditors a hold on the future activities of the bankrupt.

When in the bankrupt's statement of January 28, 1932, he claimed assets of $190,676.35 and liabilities of $97,577.25, net worth $93,099.10, and the trustee, as auditor of the books of the bankrupt, as of June 30, 1932, found bankrupt's net worth to be $888.57, the circumstances strongly indicate fraudulent intent· by the gift to his wife and these circumstances, together with the testimony in the record, all of which has been read, show that denial of discharge was right. And the same relation applies to the second ground of objection on which denial is based. The findings of the special master and recommendations denying discharge were approved by Judge St. Sure and will not be disturbed by this court.

Affirmed.