## HUNTLEY v. SNIDER.
### No. 3170.

Circuit Court of Appeals, First Circuit.

Feb. 12, 1937.

For former opinion, see 86 F.(2d) 539.

Alexander G. Gould, of Boston, Mass., for appellant.

Before BINGHAM, WILSON and MORTON, Circuit Judges.

MORTON, Circuit Judge.

The petitioner requests a rehearing on the ground that its ninth assignment of

336

error was not passed upon. The assignment was considered but was not deemed to present questions sufficiently doubtful to call for discussion. The appellant's contention, viz. that the trustee in bankruptcy, by settling with the appellant's wife with respect to property fraudulently transferred to her by the bankrupt, estopped himself and all creditors of the bankrupt estate from opposing discharge, is plainly unsound. There are many decisions against it. In re Davis (D.C.) 34 F.(2d) 778; In re Quackenbush (D.C.) 102 F. 282, at page 285; In re Sussman (D.C.) 190 F. 111; In re Jacobson (D. C.) 9 F.(2d) 139; In re Singer (C.C.A.) 251 F. 51; In re Russell (D.C.) 52 F.(2d) 749. The offense of fraudulent concealment is complete when the bankrupt has failed to disclose his property to his trustee after having had reasonable opportunity to do so. His breach of duty is not excused if the trustee discovers the concealed property and recaptures it. In re Singer, 251 F. 51 (C.C.A. 2); In re Quackenbush, supra; In re Sussman, supra. Moreover, as the appellee points out, the concealed property, which is described in the trustee's petition to compromise and is that with respect to which the settlement was made, did not include certain other property which the referee found belonged to the bankrupt and had been fraudulently concealed. All the assignments of error were considered, and none was found to be well taken.

The petition for rehearing is denied.