In re Victor NERONE, Bankrupt.

William M. GRUNER, Trustee, Plaintiff,

v.

Victor NERONE, Defendant.

In re Victor NERONE, Bankrupt.

William M. GRUNER, Trustee, Plaintiff,

v.

Victoria HASTINGS and Donald Hastings, Defendants.

Bankruptcy No. 79 B 364.

United States Bankruptcy Court,
S. D. New York.

Dec. 17, 1979.

William M. Gruner, New Paltz, N. Y., for trustee.

Napoletano, Kelly & Saccoman, Kingston, N. Y., for Victor Nerone.

Feeney & Bruhn, Kingston, N. Y., for Victoria and Donald Hastings.

## DECISION ON COMPLAINTS BROUGHT BY TRUSTEE AGAINST VICTOR NERONE, VICTORIA HASTINGS AND DONALD HASTINGS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy of the above-named bankrupt, Victor Nerone, commenced an adversary proceeding against the defendants, Victoria Hastings and Donald Hastings, daughter and son-in-law of the bankrupt.

The complaint alleges that the bankrupt and his wife were joint tenants of certain real estate in Kingston, New York and that on February 23, 1979, four days before the bankrupt executed a voluntary petition in bankruptcy, the defendant and his wife transferred their interest in the real estate to the defendants without consideration.

In a separate proceeding, the trustee seeks to bar the bankrupt's discharge because of the aforesaid transaction, which the trustee alleges constituted a fraudulent conveyance within the meaning of Section 14c(4) of the Bankruptcy Act.

The action against the defendants is similarly grounded on an alleged fraudulent transfer within the meaning of Section 67d of the Bankruptcy Act.

Both actions were deemed consolidated for purposes of trial since they relate to the same subject matter.

The parties chose not to attend a trial and adduce evidence, but instead, stipulated to submit the issues for trial to this court upon an agreed stipulation of facts. The facts as stipulated are as follows:

1. The bankrupt, Victor Nerone, and his wife, Ellen Nerone, were named as grantees, jointly with their daughter and son-in-law, Donald M. Hastings, Jr. and Victoria Hastings, in a deed dated September 28, 1976 and recorded in the Ulster County Clerk's Office in Deed Book 1362, page 464.

2. The bankrupt and his wife were named as grantees in said deed at the insistence of Statewide Savings and Loan Association, which issued the purchase money mortgage for the premises described in said deed, which purchase money mortgage would not have been issued to the bankrupt's daughter and son-in-law, Donald M. Hastings, Jr., because Mr. Hastings was unemployed.

3. The bankrupt never had any financial equity in the premises. He did not contribute anything toward the down payment, mortgage payments, taxes or any other expenses regarding the property.

4. On February 23, 1979, the bankrupt and his wife executed and delivered a deed, quit-claiming their interest in said premises to their daughter and son-in-law, Donald M. Hastings, Jr. and Victoria Hastings. No consideration was paid to the bankrupt or his wife in connection with said conveyance.

5. The conveyance of the bankrupt's nominal interest to his daughter and son-in-law was done without the knowledge and/or consent of his said daughter and son-in-law but solely upon the advice of counsel. Since the bankrupt had no true equity in the property and was only a nominal grantee, he was advised by counsel that he could avoid clouding the title of his daughter and son-in-law by quit-claiming his nominal interest, prior to the filing of his petition in bankruptcy, provided full disclosure of the true facts were made in his statement of affairs.

6. Full disclosure of the nominal transfer by the bankrupt was made in the bankrupt's statement of affairs when it was disclosed that the bankrupt's record interest resulted solely from his being a co-guarantor on the mortgage and that the sole purpose of the quit-claim deed from the bankrupt was to have the record reflect the sole and true fee ownership in Donald and Victoria Hastings.

7. If the conveyance in question is set aside, title will revert to the bankrupt and his wife, as joint tenants with right of survivorship with his daughter and son-in-

law. Since the bankrupt's interest would then, at best, be contingent upon his surviving his wife, daughter and son-in-law, the bankruptcy sale value of that interest would be minimal and such proceedings may impose a burden on the bankrupt's estate rather than provide additional funds for creditors.

## DISCUSSION

The issue which the parties present to the court for determination was framed by them as follows:

Was the deed made by the bankrupt to his daughter and son-in-law on February 23, 1979, four days before the bankrupt signed a petition in bankruptcy, made by the bankrupt with intent to hinder, delay and defraud creditors; and, if the Court finds in the affirmative, should the said deed be set aside?

Based upon the foregoing stipulation which this court accepts, this court cannot find that the bankrupt effected the transfer in question of his joint interest in the real estate with an actual intent to hinder, delay and defraud creditors. The trustee has the burden of proof with regard to this issue and must establish it by a preponderance of the evidence. Intent is a subjective issue which may be inferred from the facts. However, the court must also consider the demeanor of the witness and all of the surrounding circumstances. Since the parties have chosen not to submit any witnesses, the court is bound in its determination by the bare stipulation of facts.

Since the stipulation concedes that the transfer was predicated on advice by counsel, coupled with full disclosure in the statement of affairs, it cannot be found that the bankrupt had the requisite intent. The honest advice of counsel, to whom the bankrupt had disclosed all the facts relative to the transaction, precludes a determination of fraudulent intent. See 1A *Collier on Bankruptcy* p. 1342.

With regard to the allegation of a fraudulent transfer, the recipient of the transfer must have had reasonable cause to believe that the transferor was insolvent, as required by Section 67d of the Bankruptcy Act. The requisite knowledge does not appear in this case since the parties have stipulated that the defendant transferees were not even aware of the transfer and did not consent to it. Accordingly, there is no proof of a preference.

## CONCLUSIONS OF LAW

1. The trustee has failed to establish that the bankrupt transferred the property in question with the intent to hinder, delay and defraud creditors.

2. The trustee has failed to establish that the transaction in question constituted a voidable preference.

3. The complaint with respect to the defendants, Victoria Hastings and Donald Hastings, should be dismissed.

4. The trustee having failed to establish a fraudulent transfer, the bankrupt is entitled to a discharge.

5. The trustee's complaint objecting to the bankrupt's discharge on the ground of a fraudulent transfer should be dismissed.