**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| In the Matter of: MARGARET ALLEN RAWSON, <br><br> Debtor, <br> ——————————————————— <br> MARGARET ALLEN RAWSON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> PEGGY CAIN; et al., <br><br> Defendants - Appellees. | No. 17-55485 <br><br> D.C. No. 8:16-cv-01694-DSF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted August 10, 2018[**]
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and EZRA,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

Margaret Allen Rawson, a Chapter 7 debtor, appeals the district court's order affirming the bankruptcy court's summary judgment order denying Rawson a discharge in bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

1. We review a district court's decision on appeal from a bankruptcy court de novo. *In re Saxman*, 325 F.3d 1168, 1172 (9th Cir. 2003). "We independently review the bankruptcy court's decision and do not give deference to the district court's determination." *Id.* (quoting *Preblich v. Battley*, 181 F.3d 1048, 1051 (9th Cir. 1999)). We review a bankruptcy court's grant of summary judgment de novo. *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). The summary judgment standard established in Federal Rule of Civil Procedure 56 applies in adversary proceedings before the bankruptcy court. *Id.* Summary judgment will be granted if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. *Id.*

2. The only issue on appeal is whether Rawson had the intent to hinder, delay, or defraud her creditors: Peggy Cain, Jeffrey Cain, and Heli Ops International, LLC (collectively, the "Cains"). If she did, pursuant to 11 U.S.C. § 727(a)(2), she is not entitled to a discharge. *See In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997). Because section 727(a)(2) is written in the disjunctive, a

denial of discharge "need not rest on a finding of intent to *defraud*." *In re Bernard*, 96 F.3d 1279, 1281 (9th Cir. 1996). "Intent to hinder or delay is sufficient." *Id.* Here, there is no genuine dispute that Rawson acted with intent to hinder or delay. Rawson admitted that she transferred money from her checking account into her father's checking account so the Cains "wouldn't take all the money that [she] was making" and "[b]ecause the Cains took all [her] money out of [her] Bank of America accounts." "When a debtor admits that [s]he acted with the intent [to hinder or delay], there is no need for the court to rely on circumstantial evidence or inferences in determining whether the debtor had the requisite intent." *In re Adeeb*, 787 F.2d 1339, 1343 (9th Cir. 1986).

3. Although Rawson claims that she acted pursuant to the advice of her husband's bankruptcy attorney, attorney advice will not shield a debtor when the debtor "knowingly acts to hinder or delay h[er] creditors." *Adeeb*, 787 F.2d at 1343. Rawson also claims that she acted with the purpose of assisting her ailing father. However, "[o]ur inquiry under section 727(a)(2)(A) is whether [Rawson] intended to hinder or delay a creditor. If [s]he did, [s]he had the intent penalized by the statute notwithstanding any other motivation [s]he may have had for the transfer." *Adeeb*, 787 F.2d at 1343. In short, Rawson fails to point to any evidence that creates a genuine dispute on whether she had the intent to delay or hinder the Cains.

3

4.   Rawson also challenges the bankruptcy court's rulings striking two statements from the record.  These statements relate to Rawson's claims that she transferred the funds at her father's request and pursuant to the advice of her husband's attorney.  However, even assuming the bankruptcy court erred in its rulings, any error is harmless.  As noted, this evidence does not genuinely dispute that Rawson intended to hinder or delay the Cains.

**AFFIRMED.**