NOT FOR PUBLICATION

FILED

FEB 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IN RE: DRITA PASHA KESSLER,
DEBTOR

DRITA PASHA KESSLER,

          Plaintiff - Appellant,

  v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

          Defendant - Appellee.

No. 25-2139

D.C. No.
2:23-cv-08310-MRA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Monica Ramirez Almadani, District Judge, Presiding

Argued and Submitted February 3, 2026
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Plaintiff Drita Pasha Kessler appeals the district court's affirmance of a

decision by the bankruptcy court that reduced her claimed homestead exemption to

zero, based on the finding that she used nonexempt funds to purchase her

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

homestead "with the intent to hinder, delay, or defraud" her creditors. 11 U.S.C. § 522(o). We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, and we affirm.

We review the bankruptcy court's findings of fact for clear error, "independently and without deference to the district court's decision." *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). The bankruptcy court's finding that a debtor acted with the intent to defraud creditors is a finding of fact. *See In re Adeeb*, 787 F.2d 1339, 1342 (9th Cir. 1986).

Kessler contends that the bankruptcy court erred by failing to consider the totality of the evidence and relying too heavily on so-called "badges of fraud" to assess her intent. We disagree.

Badges of fraud are factors that courts may consider to identify fraudulent intent. *See In re O'Gorman*, 115 F.4th 1047, 1053, 1059 n.5 (9th Cir. 2024) (approving the bankruptcy court's reliance on the factors listed in California Civil Code section 3439.04(b) as "circumstantial evidence of fraud"). The presence of these badges "strongly suggest[s] that a transaction's purpose is to defraud creditors unless some other convincing explanation appears." *In re Woodfield*, 978 F.2d 516, 518 (9th Cir. 1992).

The bankruptcy court made use of the badges of fraud, but it did not treat them as a "dry checklist," *id.* at 519, or presumptive proof of fraudulent intent. An

abundance of record evidence supports the bankruptcy court's finding that Kessler's actions displayed five of the eleven badges of fraud listed in California Civil Code section 3439.04(b). The bankruptcy court also looked beyond those badges to consider the totality of the evidence and Kessler's explanations for her actions. It found that Kessler's account of events was not credible. The record shows Kessler testified inconsistently about a range of subjects, including how she acquired an interest in the property and whether she controlled a bank account in her priest's name. The record also supports the court's determination that her "pattern of behavior" of placing "significant assets, i.e., real property and large sums of money, in the names of other people," such as her sister and daughters, was "indicative of a scheme" and an "intent to hide her assets from a creditor." Given its thorough, circumspect, and reasonable assessment of the evidence, the bankruptcy court did not clearly err.

Kessler's remaining arguments merely suggest alternative inferences that could have been drawn from the record. But "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

**AFFIRMED**.